Ismael VILLAREAL, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–73107.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 28, 2008.

Elsa I. Martinez, Esq., Martinez Goldsby & Associates, Los Angeles, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Siu P. Wong, Richard Zanfardino, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Ismael Villareal, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's deportation order. We have jurisdiction pursuant to 8 U.S.C. § 1252, *Fernandez–Ruiz v. Gonzales,* 468 F.3d 1159, 1163 (9th Cir.2006), and deny the petition for review.

Reviewing de novo, *id.,* we conclude that, contrary to Villareal's contention, he is ineligible for relief under the Immigration and Nationality Act's former § 212(c) with respect to his 1999 conviction. *See United States v. Velasco–Medina,* 305 F.3d 839, 850 (9th Cir.2002) ("To the extent [an alien] anticipated the continued availability of § 212(c) relief after [1996], his expectations were neither reasonable nor settled under [*INS v. St. Cyr,* 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) ]."); 8 C.F.R. § 1212.3(h)(3) ("Section 212(c) relief is not available with respect to convictions arising from plea agreements made on or after April 1, 1997.").

We also reject Villareal's alternative contention that, despite the contents of his plea agreement, his 1999 conviction under California Health and Safety Code § 11352(a) does not constitute a bar to relief eligibility. Applying the modified categorical approach, it is clear that Villareal's plea agreement provides a sufficient factual predicate to conclude that his con-

viction "relat[es] to a controlled substance" under 8 U.S.C. § 1227(a)(2)(B)(i).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

